

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Texas State Board of Embalming
Austin 22, Texas

Attention:  Mr. Chas. B. Cook, Secretary

Gentlemen:

Opinion No. O-5916
Re:  The authority of the State
Board of Embalming to can-
cel the lectures and demon-
strations held each year,
due to the War Emergency.

   Your letter of March 6, 1944, requests the Depart-
ment's opinion on the following:

   "Due to the War Emergency, the shortage of
men power, gasoline, et cetera, the State Board of
Embalming has concluded it will be better to pass
the lectures and demonstrations for this year,
which are due in May. I will appreciate your opin-
ion as to whether or not we have this power."

   Article 4577, Section 1, Vernon's Annotated Revised
Statutes, is as follows:

   "The Board of Embalming shall have the power
and it shall be its duty:

   "1.  To prescribe and maintain a standard of
proficiency as to the qualifications of those en-
gaged, and who may engage in the practice of em-
balming in connection with the care and disposition
of dead human bodies in this State, and shall have
the right, to be exercised at its discretion, to
employ capable and efficient lecturers and demon-
strators in the science of embalming for the bene-
fit of all licensed embalmers in this State.  The
said lecturers and demonstrators shall meet not
more than once in each year sith annual session

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the Texas Funeral Directors' and Embalmers'
Association."

"No officer has the power to vary or waive any stat-
(2d) 531, 138 A. L. R. 1493, p. 1496. A public officer is not
utory law." Reeves v. Reisenroth, (1941) 288 Ky. 724, 157 S. W.
permitted to substitute his own judgment as to the best means
of performing his official duties, if such is contrary to the
plain provisions of the statute; although in his doing so he
does not have an evil or corrupt motive, and no loss results
to the public, Sharp v. Brown, 38 Ida. 136, 221 P. 139.

"Discretion in the manner of the perform-
ance of an act arises when the act may be per-
formed in one of two or more ways, either of which
would be lawful, and where it is left to the will
or judgment of the performer to determine in which
way it shall be performed. But when a positive
duty is enjoined, and there is but one way in
which it can be performed lawfully, then there
is no discretion." Blalock v. Johnston, (1936)
180 S.C. 40, 185 S.E. 51, 54, 105 A.L.R. 1115.
See also: U. S. ex rel. United States Borax Co.
v. Ickes, 68 App. D. C. 399, 98 F. (2d) 271, 281.

It is the Board's duty "to prescribe and maintain a
standard of proficiency as to the qualifications of" embalmers.
To do this, it is authorized at its discretion, to employ
capable and efficient lecturers and demonstrators." The right
of selection -- as to whom to employ -- is also to be exer-
cised at its (the Board's) discretion."

Now, the rule is, where the statute prescribes the
time within which public officers are required to perform an
official act it is merely directory; unless, the statute denies
the exercise of the power after such time or the nature of the
act or the statutory remedy shows that the time was intended
as a limitation. State v. Fox, (1939 Austin C. A.) 133 S. W.
(2d) 987.

It is the view of this department that the Board is authorized to pass the resolution inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)  David Wuntch
Assistant

DW:db
DW:fo

APPROVED MAR. 21, 1944
(s) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY (S) GWB, CHAIRMAN